IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FERNANDO LOPEZ VEGA,
        Petitioner,

v.                                          Case No.  3:11cv512/MCR/MD

KENNETH S. TUCKER ,
        Respondent.
_____

## REPORT AND RECOMMENDATION

        This case is before the court on Fernando Lopez Vega's ("Mr. Vega") October 18, 2011 petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent has requested that this court dismiss the petition as time-barred (doc. 19).  Mr. Vega answered in opposition (doc. 21).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

        In February of 2006, Mr. Vega was charged by information with two counts of sexual battery upon a person younger than 12 years old and three counts of lewd or lascivious molestation in violation of Sections 794.011(2)(a) and 800.04(5)

respectively, Florida Statutes, in the Circuit Court of Okaloosa County, Florida in cases number 2006-CF-496, 2006-CF-497, 2006-CF-498 and 2006-CF-1718 (doc. 19, ex. A, pp. 1-10)[1].   On September 28, 2006, he pleaded guilty to two counts of attempted sexual battery and three counts of lewd or lascivious molestation, was adjudicated guilty, and sentenced.  *Id*. at 11-27.  On October 3, 2006, the trial court corrected the sentence  to 18.1 years in prison followed by 20 years probation in case 2006-CF-496 and concurrent terms of 18.1 years in prison followed by 10 years probation in the other cases.  *Id*. at 28-29.

On June 8, 2009, Mr. Vega filed a pro se motion for post conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which he later amended (ex. B, pp. 1-7, 10-17).  The Rule 3.850 court denied the amended motion without an evidentiary hearing by a written order dated November 13, 2009.  *Id*. at 32-33.  The Rule 3.850 court determined that the motion was untimely and meritless.  *Id*.  Mr. Vega appealed to the Florida First District Court of Appeal ("First DCA"), which affirmed without issuing an opinion on February 23, 2010 (ex. D).

On May 6, 2010, Mr. Vega filed in state court a motion for relief from judgment (ex. F, pp. 1-8).  The court construed the motion as another Rule 3.850 motion and denied relief on the merits by a written order on May 18, 2010.  *Id*. at 9-10.  Mr. Vega filed a motion for rehearing, which was denied.  *Id*. at 20-23, 28-30.  On August 3, 2010, he appealed to the First DCA (ex. G), which affirmed without issuing a written opinion on September 8, 2010  (ex. H).  Mr. Vega requested a rehearing and hearing en banc before the First DCA, which denied the motion (ex. I).  Mr. Vega filed the instant petition for federal writ of habeas corpus on October 18, 2011 (doc. 1).


## DISCUSSION

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death

---

[1]Hereafter, all references to exhibits will be to those provided at Doc. 19.

*Case No: 3:11cv512/MCR/MD*

Penalty Act of 1996 ("AEDPA").   A person in custody pursuant to a state court judgment must file a federal habeas corpus petition within one year from the latest of:

> **(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**
>
> **(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;**
>
> **(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**
>
> **(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

28 U.S.C. § 2244(d)(1).  "A judgment becomes 'final' on the date on which the United States Supreme Court issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the ninety days in which the petitioner could file such a petition." *Ilarion v. Crosby*, 179 Fed. Appx. 653, 654 (11th Cir. 2006).  The Eleventh Circuit has held that the "AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (relying on *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007)); *see also Ferreira*, 494 F.3d at 1292 ("the judgment to which [section 2254(a)] refers is the underlying conviction and *most recent sentence* that authorizes the petitioner's current detention") (emphasis added).  Thus, if a petitioner is re-sentenced, then his AEDPA statute of limitations would reset on

expiration of the opportunity for direct review of the new or amended judgment re-sentencing him.

According to the tolling provision of Section 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not count toward any period of limitation.  28 U.S.C. § 2244(d)(2).  Although the federal statute does not define "properly filed," the Supreme Court has construed the phrase.  *See Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *see also Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1315-16 (11th Cir. 2006).  In *Artuz*, the Supreme Court explained that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8.  The laws and rules about filings generally prescribe the form of the document, the time limits on its delivery, and the court and office in which it must be filed.  *Id.*  Importantly, an application that was erroneously accepted (i.e. it did not comply with procedural requirements) will be pending, but it will not be "properly filed." *Artuz*, 531 U.S. at 9.  Federal courts must give "due deference" to state procedural rules governing filings to determine whether an application for post-conviction relief is "properly filed" under Section 2244(d)(2).  *See Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004).  Though deference only applies when the procedural rules are "firmly established and regularly followed," that a state procedural rule is discretionary does not necessarily disqualify it as a "firmly established" and "regularly followed" rule.  *See Siebert v. Campbell*, 334 F.3d 1018, 1025 (11th Cir. 2003); *Beard v. Kindler*, __ U.S. __, 130 S. Ct. 612, 618, 175 L. Ed. 2d 417 (2009).

Mr. Vega pleaded guilty to two counts of attempted sexual battery and three counts of lewd or lascivious molestation in the four cases and was ultimately sentenced on September 28, 2006, later corrected on October 3, 2006 (ex. A).  He did

not move for rehearing, or appeal to the First DCA[2].  Accordingly, his conviction became "final" for purposes of Section 2244 on November 2, 2006[3], thirty days later. Fla.R.App.P. Rule 9.140(b)(3).  The federal habeas statute of limitations began to run on that date.  *See* 28 U.S.C. § 2244(d)(1).  Therefore, in order to be timely, Mr. Vega had to file his federal habeas petition by November 2, 2007 absent any tolling.

Mr. Vega filed his Rule 3.850 motion on June 8, 2009 (ex. B).  This properly filed motion could not toll the statue of limitations because the one-year federal statute of limitations had expired 584 days earlier. 28 U.S.C. § 2244(d).  *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

Section 2244(d) is subject to equitable tolling.  *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562-63 (citation and internal quotation marks omitted).  Equitable tolling is an extraordinary remedy to be applied sparingly, and the petitioner has the burden of establishing he is entitled to it.  *Drew v. Fla. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Recently, the United States Supreme Court clarified that counsels' failure

---

[2] It is questionable whether Mr. Vega could appeal his sentence because he pleaded guilty and did not expressly reserve the right to appeal his sentence (ex. A).  *See* Florida Statutes Section 924.06(3):

> A defendant who pleads guilty with no express reservation of the right to appeal a legally dispositive issue, or a defendant who pleads nolo contendere with no express reservation of the right to appeal a legally dispositive issue, shall have no right to a direct appeal.

However, for arguments sake, the court will analyze the statute of limitations as if he would have been able to appeal to the First DCA because the conclusion is the same.

[3] Even though respondent argues that the correction of his sentence date was only a clarification, the court will give the benefit of the doubt to petitioner and use the later date since the ultimate result is the same.

to inform petitioner or the court that they no longer would represent petitioner, while letting the time to file a notice to appeal lapse, constituted cause to excuse petitioner's procedural default. *Maples v. Thomas*, __ U.S. __, 132 S.Ct. 912 (2012). No such claim has been made here.

Mr. Vega has not alleged any facts to entitle him to equitable tolling. He has the burden of establishing he is entitled to equitable tolling, and based on the pleadings, this court finds that he has failed to meet that burden.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. Mr. Vega has not established entitlement to equitable tolling or any other exception to the limitations period. Therefore, respondent's motion to dismiss (doc. 19) should be granted, and the petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 19) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Vega*, in the Circuit Court of Okaloosa County, Florida, cases number 2006-CF-496, 2006-CF-497, 2006-CF-498 and 2006-CF-1718 be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 11th day of September, 2012.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).